The People of the State of Illinois, Plaintiff-Appellee, v. Earle K. Booher, Defendant-Appellant.

Gen. No. 65–139.

Second District.

July 21, 1966.

Gary W. Cordes, of DeKalb, for appellant.

James E. Boyle, State's Attorney, of Sycamore, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendant, who was charged with burglary, was tried by the court, found guilty, and sentenced to the penitentiary for an indeterminate term of not less than 2 nor more than 5 years. On appeal, he contends that the trial court erred in finding him guilty in that the evidence did not prove beyond a reasonable doubt that he entered the DeKalb Appliance Store with intent to commit therein a felony or theft.

Section 19-1(a) of the Criminal Code (Ill Rev Stats 1965, c 38, par 19-1(a)) provides that a person commits burglary when without authority he knowingly enters or without authority remains within a building with intent to commit therein a felony or theft.

A partner of the Appliance Store testified that he came to the store in the early morning hours of July 13, 1965, noticed that the front door was ajar, went inside and found the defendant in the store office—crouched and partially hidden behind a filing cabinet.

At the time of apprehension in the office, the defendant was searched, and later he was further searched at the police station. The searches yielded a ball point pen of one partner, the keys of the other, about $5 in cash, a silver dollar on a key chain, certain receipts and tools. The defendant admitted ownership of the tools. The fruits of the searches were offered and admitted in evidence.

At the time of his apprehension, the defendant answered no questions asked of him by the partner concerning his presence in the store. However, he did tell the policemen that he was sleeping there; and that earlier in the evening he was in the store drinking with two unidentified persons. The police officers found the store cashbox open, empty, and on the desk in the office, when they arrested the defendant.

The defendant testified that he got off the bus at DeKalb; that he took his suitcase, bedroll and timepiece and placed them behind a tree; that he then went to a tavern where he remained until it closed; that he there tried to sell certain tools and in so doing met two men with whom he drank; that he told them he was an electrician and wanted a job; that one of the men said he worked at the Appliance Store; that when the tavern closed they went to the Appliance Store and the men stated that they lived in the back of the store; that one man unlocked the door and, as he did so, the key chain broke; that the defendant picked up the keys and the silver dollar—which the man told the defendant to keep; that the men then told defendant to go inside and wait and that they would come right back; and that the defendant went inside the store, stayed, and was there when the partner and later the police officers came to the store. The defendant denied opening the cashbox and taking any money. However, his testimony was without corroboration.

■ Defendant argues that his testimony tends to reasonably explain his presence in the building and that there are no circumstances inconsistent with his explanation. This argument is based on the false premise that the court must believe defendant's testimony. However, it has long been the law that the statements of a defendant or witness may be so inherently improbable as to induce the court or jury to disregard his evidence, even in the absence of any conflicting testimony. The witness may be contradicted by the facts which he states as completely as by direct adverse testimony and there may be so many omissions in his account of the transaction, that his entire story is discredited. Under such circumstances, the testimony contains its own impeachment. The People v. Malmenato, 14 Ill2d 52, 59, 150 NE2d 806 (1958) ; The People v. Davis, 269 Ill 256, 270, 271, 110 NE 9 (1915). The trier of a fact is not required to believe the uncontradicted testimony of the defendant if it is so unreasonable as to be adjudged improbable, or so fantastic as to seem incredible. When a defendant elects to justify or explain his presence at or near the scene of a crime, he must tell a reasonable story or be judged, by its improbabilities. The People v. Malmenato, supra, 59, 60.

■ In the case at bar—when we consider the admitted facts surrounding the offense—we find such an inherent improbability in the testimony of the defendant as to justify the trial court in disregarding it. The defendant's testimony contained its own impeachment.

■ We will not reverse a judgment of conviction on the ground that the evidence fails to sustain the judgment unless there is a reasonable and well founded doubt as to the guilt of the accused and the judgment is palpably contrary to the weight of the evidence. The People v. Lobb, 17 Ill2d 287, 294, 161 NE2d 325 (1959) ; The People v. Prohaska, 8 Ill2d 579, 589, 590, 134 NE2d

229

799 (1957). The credibility and weight to be given to the testimony is a question for the trial court, as the trier of the fact, and we will not substitute our judgment for that of the trial court. The People v. Clark, 30 Ill2d 216, 219, 195 NE2d 631 (1964). We believe that the elements of the offense of burglary were proven beyond a reasonable doubt and the judgment of the trial court must be affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.