**People of the State of Illinois, Plaintiff-Appellee, v. Elton Harter, Defendant-Appellant.**

Gen. No. 66–92.

Second District.

September 20, 1967.

Samuel Dean, of Rockford, for appellant.

William R. Nash, State's Attorney of Winnebago County, of Rockford (William H. Snively, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the defendant, an indigent person, from the judgment order of May 26, 1966, entered on a jury verdict, determining him to be a sexually dangerous person.

The defendant was charged by information with the criminal offense of an attempt to contribute to the sexual delinquency of Dewey Renton, age 17, on January 6, 1966, in that he attempted to commit an act of sexual deviate conduct with Renton, in violation of section 8–4 of the Criminal Code. (Ill Rev Stats 1965, c 38, par 8–4.) On February 24, 1966, the defendant, through counsel, made a motion to quash the information, which was not argued, and entered a plea of not guilty to this charge.

Also, on that date, a petition was filed in accordance with the provisions of section 3 of the Sexually Dan-

gerous Persons Act (Ill Rev Stats 1965, c 38, par 105–3), which alleged certain facts tending to show that the defendant was sexually dangerous; and that by virtue of such facts, he was, in fact, sexually dangerous. The petition requested the court to appoint two psychiatrists to examine him and report their determination to the court. The examinations were made and the psychiatrists filed their written reports with the court and delivered copies thereof to the defendant.

The court appointed counsel to represent the defendant at the hearing on February 24, 1966, and said counsel, on his own motion, was given leave to withdraw as attorney for the defendant on March 21, 1966. On March 23, 1966, the court appointed new counsel for the defendant and this attorney ably represented the defendant under most difficult circumstances in the trial court and in this appeal.

Originally, the defendant refused to permit the court appointed psychiatrists to examine him, and it was only after a court order had been entered continuing the case for compliance with the examination order, that the psychiatrists were able to complete their examination. Throughout the proceeding in the trial court and upon appeal, the defendant's conduct was erratic and was characterized by suspicion and emotional hostility and resentment. Independent of counsel, he filed motions, written instruments which were beyond classification, and wrote letters to a Federal Judge seeking intervention in the proceeding.

One psychiatrist reported that on the basis of the prior charges, coupled with the present examination, the defendant could be classified as a sexually dangerous person. The other reported that on the basis of the present examination and the present allegations and past history of sexual aberrations, the defendant was a sexually dangerous person. At the trial, each psychiatrist testified

that, in his opinion, the defendant was a sexually dangerous person.

The evidence indicated that upon arrest, the defendant made a voluntary statement wherein he admitted the offense charged in the information, namely: that of an attempt to contribute to the sexual delinquency of Dewey Renton. One deputy sheriff testifed concerning the taking of the statement and its contents, and another corroborated this testimony. Dewey Renton, the complaining witness, testified for the People and his testimony likewise fully substantiated the charge.

Deputy clerks testified concerning the defendant's prior convictions with reference to sexual offenses. This testimony established that in cause number 2302, an information was filed which charged that the defendant on the 1st day of November, 1964, contributed to the sexual delinquency of a child. The first count of the information charged that Harter committed the offense of contributing to the sexual delinquency of a minor child in that he, with intent to arouse or satisfy his sexual desires, lewdly performed an act in the presence of Billy Peppers, Bobby Peppers and Mike Phillips, children of the age of 18 years, in violation of paragraph 11–5, chapter 38, Ill Rev Stats 1963; that the defendant was represented by counsel; that the case was tried before a jury which found him guilty as charged in Count I of the Information; and that the defendant was sentenced to the Vandalia State Farm for one year and a mittimus issued thereon.

In cause number 29208, the testimony proved that an information issued which charged that the defendant, on December 8, 1956, committed acts of assault upon Frank Stokes, with intent to commit a lewd and lascivious act upon the person of Stokes; that the defendant was represented by counsel in said case; and that thereafter, the defendant entered a plea of guilty, signed a jury

waiver and was sentenced to four months confinement in the county jail.

The defendant testified on his own behalf. He admitted that he was with Renton on the date in question but denied the acts attributed to him. He endeavored to explain the prior conviction of contributing to the sexual delinquency of a minor in cause number 2302, by stating that the kids ran into his house while they were burning leaves; that beer and whiskey was in his house and that it was for this reason that he was convicted. However, the record belied this explanation. Sufficient evidence identified the defendant as the Elton Harter who was the defendant in causes numbered 2302 and 29208.

The defendant denied being arrested in connection with the Stokes charge and introduced his F. B. I. sheet which failed to note such arrest, but showed fourteen arrests, six prison sentences and one additional charge of contributing to the sexual delinquency of a minor. The court asked both the defendant and his counsel if they wished this exhibit admitted in evidence and each answered affirmatively.

On cross-examination, the defendant admitted his arrest in connection with the Stokes incident. A statement made by the defendant relative thereto, which constituted a confession of the deviate sexual acts with Stokes, a minor, was admitted in evidence. On cross-examination, the defendant denied making such statement. On rebuttal, the People introduced the testimony of a deputy sheriff that the statement was in fact made.

Various witnesses testified on the defendant's behalf that they had never known him to be involved in any sexual misconduct.

██ The defendant here contends that the People failed to prove by a preponderance of the evidence that he was a sexually dangerous person. He argues, obliquely, that the only sexual charges used to support the petition

are misdemeanors. However, section 105-5 of the Sexually Dangerous Persons Act provides:

> "At the hearing on the petition it shall be competent to introduce evidence of the commission by the respondent of any number of *crimes* together with whatever punishments, if any, were inflicted." (Italics ours.)

Section 11-5 of the Criminal Code (Ill Rev Stats 1965, c 38, par 11-5) entitled "Contributing to the Sexual Delinquency of a Child," provides:

> "(a) Any person of the age of 14 years and upwards who performs or submits to any of the following acts with any person under the age of 18 contributes to the sexual delinquency of a child:
>
> "(1) Any act of sexual intercourse; or
> "(2) Any act of deviate sexual conduct; or
> "(3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both; or
> "(4) Any lewd act done in the presence of the child with the intent to arouse or to satisfy the sexual desires of either the person or the child or both.
>
> "(b) It shall not be a defense to contributing to the sexual delinquency of a child that the accused reasonably believed the child to be of the age of 18 or upwards.
> "(c) Penalty.
>
> "A person convicted of contributing to the sexual delinquency of a child shall be fined not to exceed $1,000 or imprisoned in a penal institution other

467

than the penitentiary not to exceed one year, or both."

The offense above defined is a misdemeanor. (Ill Rev Stats 1965, c 38, pars 2-7 and 2-11.) The word "crime" embraces misdemeanors. Every misdemeanor is a crime, though not one of the gravest character. Van Meter v. People, 60 Ill 168, 170 (1871). The word "crime" generally includes all offenses, both felonies and misdemeanors. Consequently, the defendant's contention that the sexual crimes to support such petition must be felonies is without merit.

█ The facts of this case were presented to the jury for determination. While the defendant's testimony was subject to many infirmities, if believed by the jury, it could create a conflict on certain of the issues. However, such conflict, of itself, would not destroy the preponderance of the evidence required to sustain the verdict of the jury. Such verdict, based on credible and substantial evidence, was not rendered reversible by the fact that there was other evidence in the case, which might, if believed, have resulted in a different verdict. A verdict will not be set aside merely because the jury could have found differently or because this court might feel that other conclusions would be more reasonable. Henry v. Robert Kettell Const. Corp., 82 Ill App2d 420, 431, 226 NE2d 89 (1967).

█ █ A reviewing court is not the judge of the credibility of the witnesses, or the weight of the evidence, and it does not determine the preponderance of the evidence. Jenkins v. Hechtman, 83 Ill App2d 72, 76, 226 NE2d 383 (1967). It was within the province of the jury, under the facts and circumstances of this case, to decide whether the defendant was a sexually dangerous person. We cannot say, as we must, to reverse a verdict of the jury on the disputed factual testimony, that an opposite conclusion is clearly evident, plain and indisputable. A court of review must take into consideration

not only the verdict of the jury, but also the fact that the trial judge who also saw and heard the witnesses and heard the argument of defendant's attorney, denied the defendant's post-trial motions. Pozdro v. Dynowski, 83 Ill App2d 79, 87, 226 NE2d 377 (1967); Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 11e, 180 NE 2d 347 (1961). We cannot say that the verdict and the judgment entered thereon are manifestly against the weight of the evidence.

█ In addition, the defendant's contention that the evidence of the People was not of such clear and convincing nature as to prove, by a preponderance of the evidence, that the defendant was a sexually dangerous person, ignores the rule that it is within the province of the jury, as the trier of the facts, to believe certain witnesses and disbelieve others. People v. Arnold, 27 Ill2d 294, 296, 189 NE2d 241 (1963); People v. Nicholson, 55 Ill App2d 361, 370, 204 NE2d 482 (1965); People v. Wilson, 52 Ill App2d 304, 313, 202 NE2d 103 (1964).

█ The defendant further contends that he had no opportunity to stand trial for the offense of an attempt to contribute to the sexual delinquency of Dewey Renton, a minor, as charged in the information which issued against him; and that it was a denial of due process to admit evidence of the Renton incident at the trial wherein he was charged with being a sexually dangerous person. However, it is only after a person is charged with a criminal offense and when it appears to the State's Attorney that the person so charged is a sexually dangerous person, that the State's Attorney can file a petition for such determination. Such petition is filed in the same proceeding wherein the accused stands charged with a criminal offense. (Ill Rev Stats 1965, c 38, par 105–3.)

█ Under section 5 of the Act, supra, evidence of the commission of any number of crimes, together with the punishment inflicted, if any, may be offered in evidence. If the principal offense charged is a sexual crime,

469

it would assuredly be relevant and would have a pertinent bearing on the defendant's present mental condition—a matter in issue under the petition. This testimony would not deprive the defendant of his day in court and the benefit of an orderly proceeding according to the law. He would have an opportunity to refute any adverse testimony relative to the principal offense charged. The verdict of the jury or the decision of the court relative to whether the accused was a sexually dangerous person would be given only after the defendant had his opportunity to present his defense to the petition. While we fully recognize that due process of law must be observed in this proceeding because of its close resemblance to a criminal procedure (People v. Olmstead, 32 Ill2d 306, 309, 205 NE2d 625 (1965); People v. Turner, 63 Ill App 2d 353, 356, 211 NE2d 486 (1965); People v. McDonald, 44 Ill App2d 348, 353, 194 NE2d 541 (1963); Ill Rev Stats 1965, c 38, par 105-3.01), we believe that the proceedings contemplated by the Act and followed herein guarantees all the procedural safeguards and substantive protection embodied within the concept of the untainted administration of justice—the hallmark of due process. Pettigrew v. National Accounts System, Inc., 67 Ill App2d 344, 350, 351, 213 NE2d 778 (1966). The defendant further argues that he should have been tried for the principal offense—the misdemeanor—prior to being tried on the petition under the Sexually Dangerous Persons Act. However, such procedure is neither intended nor required by the Act.

It was proven by a preponderance of the evidence that the mental disorder of the defendant had existed for a period of more than one year; and that he had a criminal propensity to commit sex offenses in the nature of sexual assault or molestation of children, as was evidenced by the Stokes incident of December 8, 1956, the Billy Peppers, Bobby Peppers and Mike Phillips occurrence of November 1, 1964, and the Dewey Renton at-

tempt of January 6, 1966. The pyschiatrists were each given the definition of a sexually dangerous person, and testified that the defendant was a sexually dangerous person as defined by the Act; and that his mental condition had existed for more than one year.

 The defendant endeavored to explain away these incidents. However, when a defendant elects to justify or explain his presence at or near the scene of a crime, or his connection therewith, he must tell a reasonable story or be judged by its improbabilities. People v. Malmenato, 14 Ill2d 52, 59, 150 NE2d 806 (1958); People v. Booher, 73 Ill App2d 226, 229, 218 NE2d 779 (1966).

 The defendant also complains that the trial court erred in failing to instruct the jury on the purpose of the Sexually Dangerous Persons Act, as set forth in defendant's instruction number 8. Such alleged error need not be considered in that it was not set forth in defendant's written motion for new trial (People v. Armes, 28 Ill2d 83, 87, 190 NE2d 812 (1963); People v. Hunter, 23 Ill2d 177, 178, 177 NE2d 138 (1961); People v. Flynn, 8 Ill2d 116, 118, 119, 133 NE2d 257 (1956)), and because the defendant failed to abstract all of the instructions which were tendered and given. People v. Bybee, 9 Ill2d 214, 221, 137 NE2d 251 (1956); People v. Weil, 243 Ill 208, 214, 90 NE 731 (1910). Nevertheless, we have gone to the record with reference to the instructions, and find that when the given instructions are considered as a series, along with defendant's instruction number 12, that the subject matter of defendant's instruction number 8 was adequately covered; and that the jury was properly instructed.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.