

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,435

### EX PARTE THOMAS LYMAN WARREN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 475140-A IN THE 174TH JUDICIAL DISTRICT
### COURT FROM HARRIS COUNTY

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Thomas Warren seeks habeas corpus relief, alleging that, because he has never been convicted of a sex offense, he was entitled to the requisite due process procedures when the Texas Department of Criminal Justice–Parole Division (TDCJ) placed sex-offender conditions on his parole. We hold that no process was due to Warren because his computerized criminal history (CCH) file, maintained by the Texas Department of Public Safety (DPS), and which was corroborated by police agency records, establishes that Warren had prior sex-offense convictions from Illinois that qualify under Texas's sex-offender registration law. We therefore deny relief.

## I. Background

In October 1987, Thomas Warren was convicted of Injury to a Child after pleading guilty to causing serious bodily injury to his two-year-old stepchild. Pursuant to a plea agreement, Warren was sentenced to thirty-seven years' imprisonment.

In October 1999, Warren was released to mandatory supervision parole.[1] In 2003 and 2004, TDCJ added Special Conditions "M" and "X" (sex offender conditions) to the conditions of his release. As a result of these conditions, Warren was required to register as a sex offender, attend sex offender treatment, and obey restrictions regarding computer usage and photographic equipment.[2] TDJC imposed these conditions based on its determination that Warren had been convicted of four counts of Contributing to Sexual Delinquency of a Child in Chicago, Illinois, in 1972, and had been sentenced to sixty days' in a House of Corrections with one year probation. TDCJ did not give Warren notice that these conditions would be imposed upon him or an opportunity to challenge the imposition of these conditions.

Warren's release was revoked in July 2008 as a result of his failure to abstain from using computer and photographic equipment. When investigators from the Attorney

---

[1] *See* TEX. GOV'T CODE ANN. § 508.147(b) (Vernon 2004) ("An inmate released to mandatory supervision is considered to be released on parole.").

[2] *See* TEX. BOARD OF PARDONS AND PAROLES, *Special Condition "M" (Sex Offender Registration Condition and DNA Submission)*, BPP-POL. 05-12.01 (Dec. 20, 2005); *Special Condition "X" (Sex Offender Condition)*, BPP-POL. 145.26 (Apr. 15, 2010).

General's Office searched Warren's apartment, they discovered a computer with a webcam hidden behind a false wall and evidence that Warren had used the webcam to take nude pictures of himself and disseminate them over the internet. During his revocation hearing, Warren admitted that he had committed these violations.

## II.  Application for a Writ of Habeas Corpus

In January 2010, Warren filed an application for a writ of habeas corpus. In it, he alleged that he was denied due process of law, as guaranteed by the Fourteenth Amendment of the United States Constitution, when TDCJ failed to give him prior notice and an opportunity to respond before it imposed Special Conditions M and X. Warren asserted that "he has never been convicted of any crime listed in the statute" that mandates sex offender special conditions. Citing to *Coleman v. Dretke*,[3] Warren claimed that the Fifth Circuit's decision required TDJC to give him notice and the opportunity to respond before the conditions could be imposed.

The trial judge ordered TDCJ to address whether Warren had been convicted of a sex offense and whether he had been given notice prior to the imposition of the special conditions. TDCJ submitted an affidavit, stating that because Warren had prior sex offense convictions, he was not given notice and an opportunity to respond to the imposition of the sex offender conditions. According to the Texas CCH record that TCDJ used in concluding that sex offender conditions were proper, Warren had been convicted of four counts of

---

[3]  395 F.3d 216, 224-25 (5th Cir. 2004) (*Coleman I*).

Contributing to the Sexual Delinquency of a Child in Chicago, Illinois, in 1972. TDCJ asserted, therefore, that no *Coleman*-type procedural due process was required. Warren objected to the affidavit, claiming that TDCJ had submitted no proof of the prior convictions, apparently because he had not received a copy of the CCH record. In May 2010, the trial judge entered findings. He determined that Warren was not entitled to relief on his due process claim because of his prior convictions in Illinois and recommended that relief be denied.

Upon receiving the habeas record, including the trial judge's proposed findings, we ordered the trial judge to obtain copies of any judgments for the Illinois convictions used by TDCJ. We also instructed the judge, in the event that the convictions were proven to exist, to determine whether the Illinois offense of Contributing to the Sexual Delinquency of a Child has a similar corresponding offense in the Texas Penal Code.

TDCJ was unable to obtain a copy of the final judgment for the Illinois convictions. However, it did obtain a copy of a "Final Disposition Report," submitted to the Federal Bureau of Investigation (FBI) by the Chicago Police Department. The report stated that a Thomas Lyman Warren was arrested on September 11, 1972, for four counts of Contributing to the Sexual Delinquency of a Child, and, on September 21, 1972, was sentenced to a total of sixty days' in the Illinois House of Corrections and one year of probation. TDCJ also submitted an affidavit from Donald Cohn, an investigator with the Harris County District Attorney's Office, stating that, based on his training and experience as an investigator, the

CCH report and the Chicago Police Department "Final Disposition Report" were reliable because both listed a matching FBI number for an individual named Thomas Warren. Based on this corroborative evidence, Cohn concluded that Warren had been convicted of four counts of Contributing to the Sexual Delinquency of a Child.

The trial judge determined that Warren had been convicted of the Illinois offenses and that the Illinois offenses contained elements that were substantially similar to the offense of Indecency with a Child contained in the Texas Penal Code.[4] Based on this finding, the trial judge again recommended that relief be denied.

In October 2010, we filed and set Warren's application for submission to determine whether TDCJ acted unlawfully when imposing sex-offender conditions on Warren's release.

## II. Law and Analysis

The United States Constitution guarantees than no individual may be deprived of life, liberty, or property without due process of law.[5] We have held that due process is implicated by the imposition of sex offender status upon a parolee because an individual has a liberty interest in being free from the socially stigmatizing consequences that status carries with it. In our recent opinion *Ex parte Evans*, we adopted the Fifth Circuit's decision in *Meza v. Livingston*[6] to determine what procedural due process is required when the State seeks to

---

[4] TEX. PENAL CODE ANN. § 21.11 (Vernon 2009).

[5] U.S. CONST. amend. XIV, § 1, cl. 3.

[6] 607 F.3d 392, 401 (5th Cir. 2010).

impose sex offender conditions upon a parolee.[7]

Whether a parolee is entitled to due process before the imposition of sex offender conditions depends upon that individual's criminal history. The Fifth Circuit stated in *Meza* that when an individual has not been convicted of a sex offense, the parolee must be afforded procedural due process before sex offender conditions may be imposed.[8] The process due includes, among other things, written notice that sex offender conditions may be imposed as a condition of release and a hearing in which the parolee is permitted to be heard in person and present evidence.[9] However, the court in *Meza* stated that when an individual has been convicted of a sex offense, no further process is due before imposing sex offender conditions.[10] An individual who has already been convicted of a sex crime has already received sufficient due process protection.[11]

In Warren's habeas application, he argued that he was owed due process protections, such as prior notice and a hearing, because he had not been convicted of any crime that

---

[7] 338 S.W.3d 545, 555 (Tex. Crim. App. 2011) ("Now that the Fifth Circuit has elaborated on the specific type of notice and hearing that is required in this situation, we shall once again follow its lead . . . because the reasoning of the Fifth Circuit is persuasive and is consistent with that of several other circuit courts.").

[8] *Meza*, 607 F.3d at 401-402.

[9] *Id.* at 411.

[10] *Id.* at 401; *see also Jennings v. Owens*, 602 F.3d 652, 659 (5th Cir. 2010).

[11] *Meza*, 607 F.3d at 401 (citing *Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997)).

mandated sex-offender conditions under Chapter 60 of the Texas Code of Criminal Procedure. TDCJ concedes that Warren has not been convicted of a Texas sex offense. Under Article 62.001(5)(H), however, an individual will be subject to the imposition of sex-offender conditions if he or she has been convicted of an offense in another state that contains elements that are "substantially similar" to the elements of a Texas offense enumerated in Article 62.001.[12] TDCJ argues, therefore, that Warren's alleged conviction for the Illinois offenses makes him eligible for the imposition of Special Conditions M and X.

In examining whether TDCJ properly concluded that no process was due to Warren before imposing sex-offender conditions, the issue is twofold. First, does the evidence establish that Warren has prior convictions for Contributing to the Sexual Delinquency of a Child in Illinois? And second, are the elements of the Illinois offense of Contributing to the Sexual Delinquency of a Child "substantially similar" to the elements of a Texas offense enumerated under Article 62.001 so that Warren's Illinois offenses qualify as reportable convictions? The trial judge answered both questions in the affirmative. In reviewing the trial judge's recommendations, we recognize that while we are the ultimate factfinder in habeas corpus proceedings, in most circumstances, we will defer to and accept a trial judge's findings of fact and conclusions of law when they are supported by the record.[13]

---

[12] TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (Vernon 2009).

[13] *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

**A. Existence of Convictions**

By way of background, we observe that CCH reports authorized by statute for the use of the Texas Department of Public Safety (DPS)[14] consist of information from both state records and the FBI's National Crime Information Center (NCIC) database. The NCIC houses the "cooperative federal-state system for the exchange of criminal history records, and includes the National Identification Index, the National Fingerprint File, and, to the extent of their participation in such system, the criminal history record repositories of the states and the FBI."[15] Thus, by consulting the DPS database, law enforcement officials can gain valuable and useful information about an individual's criminal history from across the nation, including "identifiable descriptions and notations of arrests, detentions, indictments, [. . .] or other formal criminal charges, and any disposition arising therefrom[.]"[16]

As proof that Warren was convicted of the Illinois offenses in 1972, TDCJ relies on two items of evidence: first, a Report of Arrests and Prosecutions (rap sheet) from DPS's CCH database; and second, a copy of a "Final Disposition Report" submitted to the FBI by the Chicago Police Department in 1972.

In examining whether the documents sufficiently establish the existence of Warren's Illinois sex-offense convictions, our case law addressing the role of CCH records for

---

[14]  *See* TEX. CODE CRIM. PROC. ANN. art. 60.02 (Vernon 2006).

[15]  28 C.F.R. §§ 20.3(m), 20.3(n).

[16]  28 C.F.R. § 20.3(d); TEX. GOV'T CODE ANN. § 411.082(2) (Vernon 2009).

purposes of enhancement is instructive. In *Flowers v. State*, the State used a Dallas County computer printout of Flowers's conviction record to establish that Flowers had a prior DWI conviction.[17] The printout was corroborated by Flowers's Texas DPS driver's license record.[18] Flowers challenged the use of the printout, stating that, because it was not a certified copy of a final judgment, the State could not prove that it referred to him.[19] We disagreed and stated that Texas law does not require that the existence of a prior conviction be proven in any specific manner.[20] Both the Dallas County CCH record and the DPS driver's license record contained information that matched Flowers's name, date of birth, address, social security number, and other personal descriptors, and both contained matching information regarding the prior DWI conviction.[21] We stated that while "it is conceivable that there are two men [. . .] with the same date of birth, living at the same address, with the same personal descriptors, [. . .] it is not likely." We held that the CCH and driver's license records, when considered together, were sufficient to prove the existence of the prior DWI conviction.[22]

---

[17] 220 S.W.3d 919 (Tex. Crim. App. 2007).

[18] *Id*.

[19] *Id*. at 920-21.

[20] *Id*. at 922; *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07 (Vernon 2007).

[21] *Flowers*, 220 S.W.3d at 924-25.

[22] *Id*. at 925.

In this case, the Texas DPS CCH record was sufficiently corroborated as in *Flowers*. First, the dates on the CCH report for the 1987 arrest, charge, and conviction of Warren's primary offense of Injury to a Child coincide with the dates on the copies of Warren's original indictment and judgment provided by TDCJ. Second, the information in the CCH report concerning Warren's prior convictions is corroborated by the "Final Disposition Report" of the Chicago Police Department to the FBI. The CCH report indicates an "Arrest Date" of "1972-09-11"; the "Arrest Case Number" as "108422"; the "Charge Literal" as "4 CHARGES CONT SEXUAL DEL CHILD"; and the "Disposition" as "9-21-72 60 DAS H OF C & 1 YR PROB EA". The Final Disposition Report likewise indicates a "Date Arrested or Received" of "11 Sept 72"; the "Arrest No."-- as "108422"; the "Charge" as "CH 38 Sec 11-5 (4 CHARGES) Cont Sex. Del Child"; and the "Final Disposition & Date" as 21Sept72, 60days H of C. 1yr Probation ea."

Most importantly, both documents contain the same FBI number. Investigator Cohn explained the significance of the matching FBI numbers based on his experience as an investigator and with his use of the NCIC database. Cohn explained that an FBI number is a "unique identifier" that cannot be assigned to another person and is reliable in identifying an individual in criminal investigations. He stated that the identical FBI number listed on both the CCH report and the Final Disposition Report indicated that the applicant in this case is the same Thomas Lyman Warren who was convicted of the Illinois offenses in 1972. The trial judge found Cohn's affidavit to be credible and the facts asserted therein to be true.

Warren has not objected to this conclusion, nor presented evidence controverting it, and we likewise find no evidence in the record to discredit the trial judge's determination.

And, as we recognized in *Flowers*, it is not beyond the range of possibility that an individual wholly separate from Warren, convicted of Injury to a Child in Texas in 1987, was also convicted of four counts of Contributing to the Sexual Delinquency of a Child in Illinois in 1972. However, "it is not likely."[23]

Additionally, we note that Warren has made no attempt to challenge the Illinois offenses on the grounds that he had never been convicted of them. His only argument is that TDCJ has failed to present sufficient evidence to establish the convictions for the purpose of imposing sex-offender conditions on his release. Warren sidesteps entirely the issue of whether the convictions exist, neither confirming nor denying their existence. Essentially, his legal claim consists of a bare assertion that the CCH report is insufficient, without offering any evidence as to why that might be so.

In summary, because the "Final Disposition Report," the copies of the indictment and judgment for the primary offense, and the affidavit of Donald Cohn corroborate the information from the CCH report, and because there is no evidence that undermines any of these documents, the evidence sufficiently establishes that Warren has prior sex-offense convictions.

### B. "Substantially Similar"?

---

[23] *Id.* at 925.

Next, TDCJ was permitted to impose sex-offender conditions upon Warren only if the Illinois offenses constitute a sex offense under Texas law. The Texas Code of Criminal Procedure states that a "reportable conviction or adjudication," which qualifies the parolee for the imposition of sex offender conditions, may consist of "a violation of the laws of another state [. . .] for or based on the violation of an offense containing elements that are substantially similar to" the elements of a qualifying Texas offense.[24] TDCJ asserts that the elements of the Illinois offenses are "substantially similar" to the elements of the Texas offense Indecency with a Child,[25] which is identified as a "reportable conviction or adjudication" that qualifies a parolee for the imposition of sex offender conditions.[26] Warren disagrees, arguing that an offense that resulted in a sentence of sixty days in a House of Corrections and one year probation is comparable to a sentence resulting from a misdemeanor conviction in Texas and would not qualify as a sex offense under Texas law. However, Warren's argument does not involve an analysis of the elements of either the Illinois or applicable Texas offenses. His complete reliance on the severity of the sentence in determining whether the Illinois offenses are "substantially similar" to an applicable Texas sex crime is misplaced.

The trial judge found that the Illinois offense of Contributing to the Sexual

---

[24] TEX. CODE OF CRIM. PROC. ANN. art. 62.001(5)(H) (Vernon 2009).

[25] TEX. PENAL CODE ANN. § 21.11 (Vernon 2009).

[26] TEX. CODE OF CRIM. PROC. ANN. art. 62.001(5)(A).

Delinquency of a Child contains elements that are substantially similar to the elements of Indecency with a Child. However, apart from stating the text of the statutes in question, the trial judge did not explain how he arrived at that determination. In order to properly analyze the similarities between the Illinois and Texas statutes, we look to our recent decision of *Prudholm v. State*, where we discussed how to determine whether the elements of a Texas statute were "substantially similar" to those of another state.[27]

In *Prudholm*, we specifically determined whether the California offense of Sexual Battery was substantially similar to a Texas sex offense for the purpose of imposing an enhanced sentence upon the defendant.[28] We found that when two offenses are substantially similar, "the elements being compared [. . .] must display a high degree of likeness, but may be less than identical."[29] This high degree of likeness must involve more than similarity in merely "a general sense."[30] We further indicated that "the elements must be substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offenses."[31]

The Illinois offense of Contributing to the Sexual Delinquency of a Child was codified

---

[27] 333 S.W.3d 590, 593-94 (Tex. Crim. App. 2011).

[28] *Id*. at 592.

[29] *Id*. at 594.

[30] *Id*. at 599.

[31] *Id*. at 595.

by Illinois in its Criminal Code of 1961, and was found in its chapter identifying sex offenses.[32] However, it was repealed in 1984.[33] At the time of Warren's conviction in 1972, the offense of Contributing to the Sexual Delinquency of a Child provided in part:

> (a) Any person of the age of 14 years and upwards who performs or submits to any of the following acts with any person under the age of 18 contributes to the sexual delinquency of a child:
> (1) Any act of sexual intercourse; or
> (2) Any act of deviate sexual intercourse; or
> (3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both; or
> (4) Any lewd act done in the presence of the child with the intent to arouse or to satisfy the sexual desires of either the person or the child or both.[34]

The Texas statute defining the offense of Indecency with a Child provides in part:

> (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
> (2) with intent to arouse or gratify the sexual desire of any person:
> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
> (B) causes the child to expose the child's anus or any part of the child's genitals.[35]

---

[32]  Ill. Rev. Stat. 1971, ch. 38, par. 11-5.

[33]  IL ST CH. 38 § 11-5, repealed by P.A. 83-1067, § 28, eff. July 1, 1984; P.A. 83-1362, Art. II, § 40, eff. Sept. 11, 1984.

[34]  *See also People v. Harter*, 230 N.E.2d 15, 18 (Ill. App. 1967); *People v. Beskel*, 261 N.E.2d 40, 44-45 (Ill. App. 1970); *People v. Stone*, 305 N.E.2d 645, 646 (Ill. App. 1973).

[35]  TEX. PENAL CODE ANN. § 21.11 (Vernon 2009).

We find that the elements of the Illinois offense are substantially similar to the elements of the Texas offense. First, the elements compared "display a high degree of likeness," even though some are "less than identical."[36] Both offenses involve sexual acts directed towards children: in the Illinois statute, with "any person under the age of 18"; in the Texas statute, "with a child younger than 17 years of age[.]" Both offenses criminalize similar sexual conduct with a child. The Illinois statute prohibits the "lewd fondling or touching of [. . .] the child" and a "lewd act done in the presence of the child[.]" And the Texas statute prohibits "engag[ing] in sexual contact with the child" and "expos[ing] the person's anus or any part of the person's genitals[.]" Both statutes contain nearly the same mental state. In the Illinois statute, the mens rea is "with the intent to arouse or to satisfy the sexual desires" of any person, while in the Texas, the mens rea is "with intent to arouse or gratify the sexual desire of any person[.]" While the elements of both statutes are not identical in every way, they are similar enough to indicate a high degree of likeness and thus satisfy the first part of the substantially similar test.

The second part of the test is a determination of whether the elements of the offense are "substantially similar with respect to the individual or public interests protected[,]" as well as with respect to the "impact of the elements on the seriousness of the offenses."[37] In this case, the individual and public interests protected by both statutes are clear: to safeguard

---

[36] *Prudholm*, 333 S.W.3d at 594.

[37] *Id.* at 595.

children from improper sexual conduct through contact and exposure. The Illinois statute furthered this goal by criminalizing sexual intercourse with a child and "lewd acts," including sexual contact, with or in the presence of a child. The Texas statute furthers this goal by criminalizing sexual contact and exposure of the genitals of or in the presence of a child.

Both statutes are also substantially similar with respect to the impact of their elements on the seriousness of the offenses. In *Prudholm*, we held that the California offense of Sexual Battery did not satisfy this requirement with respect to the Texas offenses of Sexual Assault or Aggravated Kidnapping.[38] The California offense of Sexual Battery was a misdemeanor offense with a sentence of up to six months in prison, while Texas Sexual Assault was a second-degree felony with a sentence of up to twenty years' in prison and the Texas Aggravated Kidnapping was first-degree felony with a sentencing range of not less than five to ninety-nine years or life in prison.[39] The difference in elements between the three offenses resulted in the California offense having a much less serious sentence than the Texas offenses.[40]

In Warren's case, the Illinois offense of Contributing to the Sexual Delinquency of a minor was a misdemeanor offense with a sentence of less than one year in prison and/or a

---

[38] *Id*. at 599-600.

[39] *Id*. at 599; *see also* TEX. PENAL CODE ANN. §§ 20.04, 22.011 (Vernon 2009)

[40] *Prudholm*, 333 S.W.3d at 599.

fine of less than $1,000.[41]   The Texas offense of Indecency with a Child is a third degree felony, with a sentence of imprisonment for a term of not more than ten years or less than two years and/or a fine of less than $10,000 if the offense is under subsection (a), or a second degree felony with a term of imprisonment of not more than twenty years and no less than two years and/or a fine that cannot exceed $10,000 if the offense is under subsection (b).[42] There is less of a difference in range of punishment between the statutes in this case than the differences noted in *Prudholm*, though we recognize that there is still somewhat of a disparity between the two statutes at issue. Invariably, though, the applicable punishment range for (or seriousness of) certain crimes will differ from state-to-state, depending on the point in history that a state's legislative body codified the offense.  So affording more flexibility in assessing this factor is appropriate when conducting a comparative analysis of statutes in effect at different times, especially when the effective dates of the statutes differ in spans of decades. Notably, the prohibited conduct under the Illinois Contributing to the Sexual Delinquency of a Minor statute have been recodified in a number of statutes.  Sections 5/11-1.20, 5/11-1.30, 5/11.40, 5/11-1.50, 5/11-1.60 of the Illinois Code each, in part, prohibit the conduct against children that was criminalized by the former statute.[43]   And the majority of these

---

[41] Ill. Rev. Stat. 1971, ch. 38, par. 2-7, 2-11; *see also People v. Harter*, 230 N.E.2d 15, 18 (Ill.App. 1967).

[42] TEX. PENAL CODE ANN. §§ 12.34, 21.11 (Vernon 2009).

[43] ILL. COMP. STAT. 5/11-1.20, 5/11-1.30, 5/11-1.40, 5/11-1.50, 5/11-1.60 (West Supp. 2011).

offenses are designated as felonies with various ranges of terms of imprisonment.[44] Under the circumstances here—where the conduct forbidden by both statutes is more closely aligned and the punishment range under the statutes in effect today is similar—we find that there is enough of a similarity between the two offenses with respect to the impact of their elements on the seriousness of the offenses.

Based on the foregoing, we conclude that the Illinois offense of Contributing to the Sexual Delinquency of a Child is "substantially similar" to the Texas offense of Indecency with a Child and constitutes an offense that qualifies a parolee for sex-offender conditions under Texas Code of Criminal Procedure 62.002(5)(H).

## C. Due Process

We must point out that, when imposing sex-offender conditions on Warren's release, TDCJ did not have the Chicago Police Department's "Final Disposition Report"; it relied solely on the CCH report. But, based on the habeas record, we need not decide the propriety of TDCJ's reliance on the lone CCH report. The evidence before us, developed after remand, establishes that Warren does have prior sex-offense convictions from Illinois that were available for sex-offender registration purposes under Chapter 62. Consequently, at the outset, Warren had no liberty interest in not having sex-offender conditions placed on his parole, and therefore the *Ex parte Evans*/*Meza* due process protections were never implicated.

---

[44] *See* ILL. COMP. STAT. 5/5-4.5 (class X felony sentencing), 5/5-4.5-30 (Class I felony sentencing) (Lexis Nexis 2011).

## III. Conclusion

Warren is not entitled to relief. The evidence establishes that Warren had been previously convicted of sex offenses; thus, Warren had no entitlement to the complained-of procedural due process before TDCJ imposed sex-offender conditions as a condition of his release. Also, the elements of the Illinois offense of Contributing to the Sexual Delinquency of a Child are sufficiently similar to the elements of the Texas offense of Indecency with a Child, which is a qualifying offense for the imposition of sex offender conditions.

DATE DELIVERED: September 28, 2011
PUBLISH