

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0645-11

### MARK ALAN CRABTREE, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH COUNTY

**KELLER, P.J., filed a concurring opinion.**

"[L]aws which regulate persons or entities must give fair notice of conduct that is forbidden or required."[1] A person of common intelligence must not have to guess at the meaning of such a law.[2] The dissent's construction of the law in this case would require persons without any legal training to make a legal determination about the similarity of offenses that no government entity or

---

[1] *Federal Communications Commission v. Fox Television Stations*, 132 S. Ct. 2307, 2317 (2012).

[2] *Id.* (citing *Connally v. General Constr. Co.*, 269 U.S. 385 (1926)).

court has ever made. A person should not have to guess about whether or not the law requires him to register as a sex offender.

The *Warren* case cited by the dissent involves a legally distinct situation: the imposition of conditions of parole.[3] For conditions of parole, the defendant is given notice that the condition—the duty to register—is in effect before he is punished for violating the condition.[4]

I think that the dissent also reads too much into the *Whaley* case[5] in saying, in a parenthetical, that "actual notice of duty to register in one jurisdiction is sufficient, for due process purposes, to put sex offender on notice of duty to register with government generally."[6] In *Whaley*, the defendant was on sex-offender registration in Kansas for a conviction in that state.[7] He moved to Texas without notifying authorities in Kansas or Texas.[8] The defendant was then prosecuted under a federal statute that punishes a sex-offender registrant who fails to update his registration after moving to another state.[9] The Fifth Circuit emphasized that the federal law's focus is "on the problem of sex offenders escaping their registration requirements through interstate travel—rather than on requiring sex

---

[3] *Ex parte Warren*, 353 S.W.3d 490 (Tex. Crim. App. 2011).

[4] *See United States v. Difrancesco*, 449 U.S. 117, 148 (1980) (Brennan, J., dissenting) ("since parole and probation by definition are conditional, a defendant is on notice from the outset that a breach of those conditions may result in revocation of beneficial treatment").

[5] *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009).

[6] *See* dissent at 18.

[7] 577 F.3d at 256.

[8] *Id.*

[9] *Id.* at 256-57, 259-60.

offender registration generally."[10] The federal law did not deprive the defendant of due process because he "was certainly aware that he was required to register under Kansas law."[11] So the federal statute, as construed by the Fifth Circuit, appears to be based on the defendant's acknowledged status as a sex-offender registrant in the state he moves from rather than his potential status as a sex-offender registrant in the State he moves to.

Moreover, this statute does not apply just to a person whose offense in another jurisdiction required him to register. It applies to any person whose offense is deemed substantially similar to a Texas offense, even if that person is not required to register in the other jurisdiction. Other jurisdictions include not only other states, but also foreign countries, which may or may not have a registration system in place.

The dissent would fault appellant for failing to ascertain on his own that his prior conviction is for a crime that is similar enough to a Texas crime that he is required to register. If that were in fact what the legislative scheme provided, then it would create a serious due process problem by providing that a defendant must guess at what the law requires and face prosecution and incarceration if he guesses incorrectly. The dissent's view would also require prosecutors and police officers to guess what out-of-state offenses qualify for registration—risking a wrongful prosecution if they are incorrect.[12]

---

[10] *Id.* at 259.

[11] *Id.* at 262.

[12] *See Prudholm v. State*, 333 S.W.3d 590 (Tex. Crim. App. 2011) (affirming court of appeals's decision to overturn enhancement finding after determining that California offense of "sexual battery does not contain elements that are substantially similar to the elements of aggravated

With these comments, I join the Court's opinion.

Filed: October 31, 2012
Publish

kidnapping or sexual assault").