2024 IL App (3d) 230675

Opinion filed November 21, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0675 Circuit No. 21-CF-715 |
| KELVIN R. BROWN, | ) ) ) | Honorable Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Peterson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    Defendant, Kelvin R. Brown, appeals the Du Page County circuit court's order finding him a sexually dangerous person (SDP) and committing him to the Department of Corrections (DOC). On appeal, defendant contends that the court applied the incorrect standard when deciding his motion for directed verdict and in finding that he had demonstrated propensities to commit sexual assault or sexual molestation of a child. We affirm.

¶ 2                                I. BACKGROUND

¶ 3    Defendant was arrested on May 7, 2021, for aggravated battery in a public place (720 ILCS 5/12-3.05(c) (West 2020)), criminal sexual abuse (*id.* § 11-1.50(a)(2)), attempt disorderly

conduct (*id.* § 26-1(a)(1)), and two counts of public indecency (*id.* § 11-30(a)(2), (c)). The grand jury returned indictments for aggravated battery (*id.* § 12-3.05(c), (h)) and two counts of public indecency (*id.* § 11-30(a)(2), (c)). Regarding the aggravated battery count, the indictment alleged that defendant grabbed the buttock of a 16-year-old female in a public place of accommodation. The public indecency indictments alleged that defendant exposed his sex organs in a public place with the intent to arouse or satisfy his sexual desires.

¶ 4        On June 28, 2021, the State filed a petition to declare defendant an SDP. It later filed an amended petition in response to defendant's motion to dismiss that argued the State had not alleged facts to show he had demonstrated propensities to commit sexual assault or acts of sexual molestation against children, a required element to find him an SDP. On November 4, 2021, defendant filed another motion to dismiss, arguing that the State again failed to allege in its petition that defendant had demonstrated propensities toward acts of sexual assault or sexual molestation of children when it could not establish that defendant had a prior conviction for either offense.

¶ 5        On December 10, 2021, the court granted the State's oral request to amend the petition one more time. This amendment added the allegation related to defendant's 2016 conviction for unlawful restraint that after he touched the buttock of a minor female, he also "asked this victim if she liked his pants, which were gray sweatpants." The court denied defendant's motion to dismiss, finding that the State alleged sufficient facts to continue under the Sexually Dangerous Persons Act (Act). 725 ILCS 205/0.01 *et seq.* (West 2020). It also appointed two experts to conduct evaluations of defendant in preparation of the hearing on the State's petition.

¶ 6        The matter proceeded to bench trial on May 23, 2023. The State's sole witness, Dr. Deborah Nicolai, testified regarding her evaluation of defendant. In preparing for her evaluation,

she reviewed court documents, jail records, and police reports. Based on this information and her interview with defendant, Nicolai opined that defendant was an SDP.

¶ 7        As a basis for her opinion, Nicolai testified that defendant's criminal history provided a pattern of behavior indicative of a mental disorder. Defendant had approximately 60 prior arrests, several of which were related to sexual offenses. Prior sexual offenses included incidents where defendant masturbated in public places in front of adults and minors and where defendant grabbed the buttocks of minor females and asked them to look at his erection. While in jail for the pending charges, defendant accumulated more than 250 hours of segregation time due to various behavioral infractions, including several offenses that were of a sexual nature. Those incidents included defendant exposing his genitals and masturbating in front of female staff and making threatening statements toward the jail psychologist. Nicolai noted that these incidents were significant to her because they showed defendant's general hostility toward women.

¶ 8        Nicolai opined that defendant had Frotteuristic Disorder in a Controlled Environment, Exhibitionistic Disorder in a Controlled Environment, and Other Specified Personality Disorder with Anti-Social Traits. She testified that these diagnoses were qualifying mental disorders under the Act. Nicolai also performed risk assessments on defendant to determine his propensity to commit sex offenses. Under the Static-99R risk assessment tool, defendant scored a 6, which was well above average. Nicolai also found nine additional risk factors present in defendant. It was her opinion that, to a reasonable degree of psychological certainty, defendant was substantially probable to engage in future sex offenses if not confined. Thus, Nicolai believed defendant met the criteria of an SDP under the Act. On cross examination, Nicolai admitted that the risk-measuring tools she used applied to sex offenses generally and not child molestation cases specifically.

3

¶ 9        After Nicolai's testimony concluded, defendant orally moved for a directed finding. Defendant did not make any argument in support of this motion and, instead, rested on the facts presented. The court denied the motion and explained that when it viewed the case in the light most favorable to the State as the nonmoving party, the State met its burden of proof.

¶ 10       Defendant called Dr. Steven Gaskell to testify during his case-in-chief. Gaskell testified that he also reviewed all reports related to defendant, interviewed him, and conducted a risk assessment. Gaskell opined that defendant did not meet the criteria of an SDP. He reviewed defendant's sexual offenses and jail records and noted that the sexually related allegations from the jail did not involve any physical contact with other people. He believed defendant suffered from Unspecified Paraphilic Disorder with Features of Exhibitionism and Sexual Attraction to Non-Consenting Persons. Like Nicolai, Gaskell believed defendant had Other Specified Personality Disorder with Anti-Social Traits. Gaskell stated that while he initially thought otherwise, he no longer believed defendant suffered from a qualifying mental disorder because he believed qualifying disorders must predispose defendant to engage in acts of sexual violence. Gaskell could not come to this conclusion, however, because defendant never committed a sexually violent act. Gaskell used the Static-99R assessment tool, and scored defendant at an 8, which placed him well above average risk to commit an offense. The Static-2002R risk assessment scored defendant at an 8 as well, meaning he was five times more likely than an "average" sex offender to commit another sexual offense. Gaskell noted that neither assessment projected the likelihood of committing child molestation. Gaskell testified that he believed defendant was substantially likely to commit sex offenses if not confined but still did not fit the criteria to be found an SDP. Specifically, defendant had not shown propensities to sexually

4

assault or engage in molestation of children in the past and had never engaged in acts of sexual violence.

¶ 11    At the close of his case-in-chief, defendant renewed his motion for a directed finding. The court did not hear arguments regarding the motion and, instead, stated that it would handle it all with its ruling. Written closing arguments were submitted to the court. In his closing argument, defendant contended that the State did not prove that he had demonstrated propensities to meet its *prima facie* case because it had not shown that he had prior acts of touching the breast, anus, or sex organ of a victim between the ages of 13 and 18 when defendant had touched the buttocks of minor females and the buttock was not a sex organ.

¶ 12    The court entered a written order on June 30, 2023, finding that defendant suffered from a qualifying mental disorder and had criminal propensities to the commission of sex offenses. The court delved further into the third element—whether defendant had demonstrated propensities to commit sexual acts or sexual molestation against children. First, the court found that prior cases cited the Abused and Neglected Child Reporting Act to define child abuse to extend to sex offenses that include children under the age of 18. 325 ILCS 5/3(c) (West 2022). It also found that the State had proven at least two acts of sexual assault or molestation, one pending Cook County case and one in Du Page County, where defendant asked a 15-year-old female to check out his pants so she could see his erect penis after he had hugged her and touched her buttock. The court found that these acts satisfied the element of demonstrated propensities. Thus, the court found defendant to be an SDP and appointed the Director of Corrections as guardian to keep defendant committed until he was no longer an SDP.

¶ 13    Defendant filed a motion to reconsider, arguing that the State failed to prove that he had demonstrated propensities to commit sexual assault or sexual molestation of a child. After a hearing, defendant's motion was denied. Defendant timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15                          A. Motion for Directed Finding

¶ 16    On appeal, defendant first argues that the circuit court erred in denying his motion for a directed finding because it did not apply the correct standard. Specifically, he contends that the analysis the court should have followed was twofold. First, it had to find whether the State established *a prima facie* case as a matter of law. See *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 275-76 (2003). Second, it had to consider the totality of the evidence, including the evidence favorable to the defendant, and determine whether sufficient evidence was presented to establish the State's *prima facie* case. See *id.*

¶ 17    The Act provides that the procedures of an SDP hearing are civil in nature. 725 ILCS 205/3.01 (West 2022). We must therefore examine the Code of Civil Procedure (Civil Code) (735 ILCS 5/1-101 *et seq.* (West 2022)) to determine the standard for deciding a motion for directed verdict. Section 2-1110 of the Civil Code governs motions for directed verdict during a bench trial. *Id.* § 2-1110. Specifically, it provides:

> "Motion in non-jury case to find for defendant at close of plaintiff's evidence. In all cases tried without a jury, defendant may, at the close of plaintiff's case, move for a finding or judgment in his or her favor. In ruling on the motion the court shall weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence. If the ruling on the motion is favorable to the defendant, a judgment dismissing the action shall be entered. If the ruling on the

6

motion is adverse to the defendant, the defendant may proceed to adduce evidence in support of his or her defense, *in which event the motion is waived*." (Emphasis added.) *Id.*

¶ 18    In the instant case, after the court denied defendant's motion for directed finding, defendant presented his case-in-chief, which included Gaskell's testimony. As defendant outlines in his brief, he presented evidence after making the motion and did not raise the issue of the correct standard to apply before the circuit court. Thus, he has waived any contentions that the court's decision was erroneous. See *Fear v. Smith*, 184 Ill. App. 3d 51, 55 (1989); *City of Elgin v. Hawthorne*, 204 Ill. App. 3d 807, 810 (1990).

¶ 19                              B. Demonstrated Propensities

¶ 20    Next, defendant argues that the State failed to prove the third element—that defendant had demonstrated propensities to commit sexual assault or sexual molestation of children—thus, he could not meet the criteria of an SDP. To establish that defendant is an SDP, the State must prove beyond a reasonable doubt that defendant: (1) suffered from a mental disorder for at least one year prior to the filing of the petition; (2) had a criminal propensity to commit sexual offenses; and (3) had demonstrated propensities toward sexual assault or acts of molestation of children. 725 ILCS 205/1.01 (West 2022). The first and second elements are not at issue in this appeal. Defendant asks that we find the State did not prove beyond a reasonable doubt that he had demonstrated propensities toward sexual assault or acts of molestation of children. Regarding this element, defendant first argues that "sexual assault" requires penetration, which did not occur in any of the criminal charges against him, either closed or pending. Second, defendant argues that he also has not demonstrated propensities to commit molestation of a child. Defendant contends that this court should find that "child," for the purposes of defining child

7

molestation under the Act, means a minor under 13 years old and because defendant's offenses were against minors who were 15 and 16 years old, he has not committed an eligible offense.

¶ 21    Our supreme court in *People v. Allen*, 107 Ill. 2d 91, 105 (1985), has found that, regarding the third element, "the statute requires more than the proof of mere 'propensity'; it also requires that the State prove that the defendant has 'demonstrated' this propensity. This language can only mean that the State must prove at least one act of or attempt at sexual assault or sexual molestation." The Act does not define "sexual assault." See *People v. Bingham*, 2014 IL 115964, ¶ 52. To determine what definition should be applied, courts have turned to the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/1-1 *et seq.* (West 2010)) for the definition of "criminal sexual assault." *Bingham*, 2014 IL 115964, ¶ 52. Under the Criminal Code, a person commits criminal sexual assault when:

"he or she:

(1) commits an act of sexual penetration by the use of force or threat of force; or

(2) commits an act of sexual penetration and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent[.]" 720 ILCS 5/12-13(a) (West 2010) (renumbered to 720 ILCS 5/11-1.20(a) by Pub. Act 96-1551 (eff. July 1, 2011)).

"Sexual penetration" is in turn defined as:

"any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object

8

into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration." *Id.* § 11-0.1.

See 720 ILCS 5/11-0.1 (West 2022). From these definitions, we conclude that defendant did not commit an act of sexual assault because there was no penetration. We therefore move on to whether defendant has demonstrated propensities of sexual molestation of a child.

¶ 22 The Act also does not define "sexual molestation of a child." Defendant argues that the court should apply the following reasoning. First, he points to the Administrative Code Rules of the Department of Child and Family Services (Administrative Code), which states:

> "Sexual molestation is sexual conduct with a child when the contact, touching or interaction is used for arousal or gratification of sexual needs or desires. Parts of the body, as used in the examples below, refer to the parts of the body described in the definition of sexual conduct found in the Illinois Criminal Sexual Assault Act [720 ILCS 5/12-12] as quoted above under Allegation 18, Sexually Transmitted Diseases." 89 Ill. Adm. Code 300.Appendix B (21) (2017).

Under Allegation 18, "sexual conduct" is defined as:

> "any intentional or knowing touching or fondling of the victim or the perpetrator, either directly or through clothing of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child...for the purpose of sexual gratification or arousal of the victim or the accused." (Internal quotation marks omitted.) 89 Ill. Adm. Code 300.Appendix B (18) (2017).

From there, defendant moves to the Criminal Code's language and argues that the language encompassed in the ellipses above, "under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim," should be

9

considered in the Administrative Code's definition. 720 ILCS 5/12-12 (West 2010) (repealed by Pub. Act 96-1551, Art. 2 § 6 (eff. July 1, 2011)). Because none of defendant's victims were under 13 years old—they were 15 and 16—defendant must have touched the sex organ, anus, or breast of the victim to be considered molestation. The buttock is not a sex organ, defendant argues, and does not qualify these offenses under the Criminal Code.

¶ 23    Defendant argues that the ellipses in the Administrative Code's definition were merely used to shorten the quote and does not demonstrate an intention of the drafters to delete or omit the missing words from the definition. However, when considering the legal canon *casus omissus*, we may assume that the drafters knew when to include and exclude specific items in its provisions. This principle explains that, when interpreting a statute, the court construes the drafters' decision to omit particular language not as an oversight, but as deliberate. See, *e.g.*, *Iselin v. United States*, 270 U.S. 245, 251 (1926) ("To supply omissions transcends the judicial function."); *Virginia Uranium, Inc. v. Warren*, 587 U.S. 761, 765 (2019) ("In this, as in any field of statutory interpretation, it is our duty to respect not only what Congress wrote but, as importantly, what it didn't write."); *State v. I.C.S.*, 2013-1023, p. 8 (La. 7/1/14); 145 So. 3d 350, 355 ("Under the omitted case canon, a matter omitted from the statute is recognized as such, and no further inquiry need be made into how the legislature would have handled the matter."). The drafters of the Administrative Code deliberately chose to include ellipses in its definition of sexual conduct. We should therefore assume that this was done deliberately to omit the words of the Criminal Code it did not want to apply in this circumstance. Moreover, the Administrative Code specifically states that the definition of sexual conduct is "*as quoted above* under Allegation 18." (Emphasis added.) 89 Ill. Adm. Code 300.Appendix B (21) (2017). The ellipses included in the quote, as well as the specification that the definition should be taken as quoted,

10

clearly indicates that the drafters did not intend to include the language omitted. Thus, defendant's argument that we must consider the entire definition provided in the Criminal Code, which includes the provision that a child is one that is under 13 years of age, is unpersuasive.

¶ 24	Further, defendant's own interpretation of what constitutes a child in an SDP proceeding does not follow existing caselaw on the subject. First, *People v. Beksel*, 125 Ill. App. 2d 322, 329-31 (1970), provides that the definition of children should come from section 11-5 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, § 11-5), entitled "Contributing to the sexual delinquency of a child," which at the time provided that a person commits the offense if he or she performs or submits to certain acts with a person under the age of 18. Likewise, in *People v. Harter*, 86 Ill. App. 2d 461, 467 (1967), the court determined the defendant was a sexually dangerous person when he was charged with contributing to the sexual delinquency of a minor of the age of 17. It also used the definition of a child as set forth in section 11-5 of the Criminal Code. *Id.* While section 11-5 of the Criminal Code has since been repealed (Pub. Act 83-1067, § 28 (eff. July 1, 1984); Pub. Act 83-1362, Art. II, § 40 (eff. Sept. 11, 1984)), we may apply the same reasoning to the language in the "indecent solicitation of a child" offense, which specifically defines "child" as "a person under 17 years of age." 720 ILCS 5/11-6(b) (West 2022). In doing so, we agree with the reasoning of the *Beksel* court and "perceive no reason for covering less than all sex crimes involving children under this Act, and particularly, no reason for limiting the criminal sexual activity to children under the age of 13." 125 Ill. App. 2d at 330.

¶ 25	From the above, we may conclude that sexual molestation is sexual conduct as described in the Administrative Code. As it relates to children, sexual conduct is "any intentional or knowing touching or fondling *** [of] any part of the body of a child...for the purpose of sexual gratification or arousal of the victim or the accused." (Internal quotation marks omitted.) 89 Ill.

11

Adm. Code 300.Appendix B (18) (2017). Following the reasoning of *Beskel* and *Harter*, we find a child to be anyone under the age of 18 years old. Thus, sexual molestation is the touching of any body part of someone under the age of 18 for the purpose of sexual gratification or arousal. Defendant's offenses involve the hugging and touching the buttocks of minor females for sexual arousal. The children with whom the defendant was found to have committed sex crimes against were 15 and 16 years of age and come within the definition of "children" that we have now applied to the Act. Therefore, the State provided sufficient evidence for the court to find defendant was an SDP.

¶ 26                                    III. CONCLUSION

¶ 27          The judgment of the circuit court of Du Page County is affirmed.

¶ 28          Affirmed.

*People v. Brown*, 2024 IL App (3d) 230675

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 21-CF-715; the Hon. Michael W. Reidy, Judge, presiding. |
| **Attorneys for Appellant:** | William G. Worobec, of Law Office of William G. Worobec, P.C., of Wheaton, for appellant. |
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Mary A. Fleming, Assistant State's Attorneys, of counsel), for the People. |