**John Paul GOLDEN, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 09–93–052 CR.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 18, 1994.

Decided April 20, 1994.

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

Michael R. Little, Dist. Atty., Liberty, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Sexual Assault. Appellant's indictment was enhanced with two prior convictions from the State of Arkansas raising appellant's repeat offender punishment sta-

tus to that of a first degree offense. Appellant pleaded guilty to a jury. The jury then heard evidence and subsequently assessed punishment at ninety-nine (99) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The jury also assessed appellant a fine of $10,000. Appellant raises two points for appellate consideration, *viz*:

Point of Error One: The trial court erred in overruling appellant's objection to the prejudicial jury argument of the prosecution injecting unsworn testimony of personal opinion.

Point of Error Two: The trial court erred in holding the evidence sufficient to sustain the conviction because there was no evidence that the prior convictions used for enhancement of punishment were felonies.

With regard to appellant's first point of error, appellant's brief directs our attention to the following portion of the State's closing argument:

[Prosecutor] In my opinion, his opinion is not very valid for that reason alone.

[Defense Counsel] Judge, I object to that. Any records were just as acceptable by the State as they were the defendant. I think that's a comment on his failure to subpoena certain records or to call certain witnesses.

THE COURT: Overruled.

■ It is clear to us that the objection by appellant's trial counsel had nothing whatever to do with the fact that the prosecutor may or may not have injected his personal opinion into the proceedings. As appellant's trial objection differs from his complaint on appeal he has preserved nothing for us to review. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991). Point of error one is overruled.

In discussing appellant's second point of error, the following portion of the statement of facts, in which the State is tendering the Arkansas "penitentiary packets," is helpful:

THE COURT: Are you ready?

[Defense Counsel] Yes, Your Honor. I would like to make an objection to the evidence previously offered.

THE COURT: Do you want to be more specific?

[Defense Counsel] I guess what might be called pen pack, I object to the last page being admitted, Judge. Seems to be something about parole and some dates on there.

[Prosecutor] That's fine, Your Honor.

THE COURT: I have not read it, the jury has not read it.

[Defense Counsel] Just take that page off.

[Prosecutor] It does refer to parole, so I don't mind.

THE COURT: Do you want to take it off?

[Defense Counsel] Yes, sir.

THE COURT: Do it.

[Defense Counsel] Here is the same page, I think. (Indicating) Here is the same page, Mike. (Indicating)

[Prosecutor] Take it away.

[Defense Counsel] One more. I object to this good time and stuff.

[Prosecutor] Well, I may have to have that. That refers to the offense numbers. Can we just black it out? Do you have a problem with that?

[Defense Counsel] Judge, even after various pages have been taken out of this because of relevancy, or hearsay, or prejudicial effect—

THE COURT: Let the record reflect the jury is not in the box.

[Defense Counsel] I am now objecting to this. I believe it is being admitted into evidence for purposes of what we call a pen packet. And I am objecting because there is nothing on here that says that this was a felony in Arkansas, and I feel like it is incomplete.

THE COURT: That objection is overruled.

[Defense Counsel] That's all I have.

■ We find at the outset that appellant's objection to the Arkansas documents on grounds of "relevancy, or hearsay, or prejudicial effect" was never ruled on by the trial court. As such, any claim of trial error on appeal with regard to those issues is waived for appellant's failure to secure an adverse

ruling from the trial court. Tex.R.App.P. 52(a); *see Ramirez v. State,* 815 S.W.2d 636, 643 (Tex.Crim.App.1991).

■ Appellant next complains that the Arkansas enhancement convictions were not proven to be felonies and therefore insufficient enhancement evidence. An examination of State's Exhibit 4 reveals that the records in question are copies obtained from the Arkansas Department of Corrections. A document also included in State's Exhibit 4 is entitled, "PENITENTIARY COMMITMENT," and reflects that, because of his conviction for "Theft of Property," appellant was "speedily transported to the Penitentiary House or State Convict Farm or Camps of the State of Arkansas, and there confined at hard labor ..." for said Theft of Property. This document also reflects that appellant's Theft of Property sentence was to run concurrently with appellant's conviction for "Manufacture of Marijuana with intent to Sell."

Tex.Penal Code Ann. § 12.41 (Vernon 1974) provides, in pertinent part:

> For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

> (1) "felony of the third degree" if confinement in a penitentiary is affixed to the offense as a possible punishment; ...

In the instant case, it is clear from the face of the Arkansas documents contained within State's Exhibit 4 that appellant was incarcerated in a penitentiary facility for his Arkansas convictions. It is also clear that Section 12.41 requires us to consider sister state and federal convictions, where punishable by confinement in a penitentiary, to be third degree felonies for purposes of enhancing punishment or punishing an accused as a repeat or habitual offender. *Davis v. State,* 645 S.W.2d 288, 292 (Tex.Crim.App.1983); *Ex parte Blume,* 618 S.W.2d 373, 376 (Tex.Crim. App.1981). Therefore, State's Exhibit 4 was properly in evidence and was sufficient evidence for the jury to find the enhancement allegations true. Point of error two is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.