In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-11-00598-CR

**COLUMBUS WRIGHT SCOGGINS A/K/A COLUMBUS SCOGGINS,**
**Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-08-09497-CR**

## MEMORANDUM OPINION

Columbus Wright Scoggins[1] appeals his conviction for the offense of assault. *See* Tex. Penal Code Ann. § 22.01(b-1) (West 2011); Tex. Fam. Code Ann. § 71.0021(b) (West Supp. 2012),[2] § 71.005 (West 2008). Scoggins raises two

---

[1]The indictment alleges that Scoggins is also known as Columbus Scoggins.

[2]We cite to the current version of the statute, which the Legislature amended in 2011, as the amendment does not affect the outcome of Scoggins' appeal.

1

issues in his appeal. In issue one, Scoggins argues that he received ineffective assistance of counsel because his trial attorney failed to request an instruction on the defense of consent. In issue two, Scoggins asserts that he was improperly punished as a habitual offender. Because the record does not demonstrate that Scoggins received ineffective assistance of counsel or that he was improperly punished as a habitual offender, we affirm the trial court's judgment.

## Background

In November 2010, S.A. and Scoggins were in a dating relationship and living together. The police went to S.A.'s house after receiving a 9-1-1 call from one of her friends. When they arrived, S.A. told the police that Scoggins had choked her. In 2011, the State indicted Scoggins for an assault involving family violence, alleging that Scoggins had choked S.A. The State further alleged that Scoggins had previously been convicted for assaulting a family member. *See* Tex. Penal Code Ann. § 22.01(b-1) (making a crime of assault involving family violence a second-degree felony if the defendant has a prior conviction for an assault that involved family violence). In addition to the prior conviction for an assault involving family violence, Scoggins' indictment also alleges that he had been convicted of three felonies in other states.

When S.A. testified during the trial, she changed the account she gave police about what Scoggins did to her on the day of the alleged assault. At trial, S.A. testified that she panicked when Scoggins put his hand behind her neck and pulled her hair, which made her feel as if she could not breathe, but she explained that she no longer believed that Scoggins had choked her. However, the State established that on the day of the incident, S.A. told police that Scoggins choked her. Following the guilt phase of the trial, the jury found Scoggins guilty of assaulting S.A. and that Scoggins had committed three prior felonies. Following the punishment phase of the trial, the jury found that Scoggins should serve a life sentence and assessed a fine of $10,000. *See id*. § 12.42(d) (West Supp. 2012).[3] The trial court rendered a judgment based on the jury's verdict.

## Analysis

In issue one, Scoggins asserts that he received ineffective assistance of counsel because his counsel failed to request an instruction on the defense of consent. *See* Tex. Penal Code Ann. § 22.06 (West 2011). We apply a two-pronged test to resolve ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State*, 9

---

[3]We cite to the current version of the statute, which the Legislature amended in 2011, as the amendments that were made to section 12.42(d) are not relevant to Scoggins' appeal.

3

S.W.3d 808, 812 (Tex. Crim. App. 1999). Under the first prong of *Strickland*, Scoggins must prove that he received ineffective assistance under a preponderance of the evidence standard. *See Strickland*, 466 U.S. at 687. To establish that counsel provided ineffective assistance, Scoggins must show that trial counsel performed below the standard expected of counsel under an objective standard of reasonableness and that a reasonable probability exists that the result in his case would have been different had counsel not been deficient. *See id.* at 687-88, 694; *Thompson*, 9 S.W.3d at 812. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Thompson*, 9 S.W.3d at 812. Our review of ineffective assistance claims is highly deferential to trial counsel; generally, we begin with the presumption "that counsel's actions fell within the wide range of reasonable and professional assistance." *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

In reviewing a complaint that trial counsel provided ineffective assistance, we are to "avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813. When trial counsel has not provided an explanation for the strategies that trial counsel decided to employ, the decisions counsel made are reviewed with great deference. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Generally, when faced with a record that is silent about why counsel chose to

undertake a given strategy, appellate courts are not at liberty to find trial counsel's conduct ineffective, unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Additionally, any *Strickland* claim must be "'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Id.* (quoting *Thompson*, 9 S.W.3d at 813).

Scoggins argues on appeal that the evidence raised the defense of consent and that his trial counsel rendered ineffective assistance by failing to request an instruction on what he characterizes in his appeal as the central issue in the case. *See Vasquez v. State*, 830 S.W.2d 948, 950-51 (Tex. Crim. App. 1992) (concluding that trial counsel's failure to request an instruction on necessity was ineffective assistance where the defendant "had nothing to lose by requesting a defensive instruction"). In Scoggins' case, his counsel chose to argue that the State had failed to meet its burden of proving beyond reasonable doubt that Scoggins choked S.A. In final argument, Scoggins' counsel argued that reasonable doubt existed because S.A.'s account about what occurred was unreliable. Given that S.A.'s account about the assault at issue changed, trial counsel's strategy is one that is objectively reasonable.

Under the circumstances, relying solely on what counsel might reasonably have believed was Scoggins' strongest argument was an objectively reasonable strategy. Trial counsel could have believed that pursuing a defensive issue of consent might have risked nudging any equivocal jurors to view relying on a consent defense as a tacit concession that Scoggins choked S.A. A reasonable attorney may choose to avoid stacking weaker arguments onto what may be perceived as a stronger argument in the belief that such a strategy improves their client's chance of prevailing at trial.

Without a record that shows why trial counsel made the choice not to request an instruction on the defense of consent, Scoggins has failed to rebut the strong presumption that no reasonable counsel would have employed the strategy now at issue. *See Goodspeed*, 187 S.W.3d at 392. Because the record does not rebut the presumption that trial counsel's decisions regarding trial strategy were reasonable, we overrule issue one.

In issue two, Scoggins complains that he was improperly punished as a habitual offender. Scoggins makes two arguments in support of his issue. He argues that his prior misdemeanor conviction for a crime classified as a crime of family violence cannot be used to enhance a third-degree felony to a second-degree felony. Additionally, Scoggins argues that the evidence is insufficient to support

the jury's findings that he had previously been convicted of committing three other felonies.

First, we address Scoggins' argument that a misdemeanor is not "an offense" available to elevate his offense to a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(b-1)(2). Section 22.01(b-1) of the Penal Code provides that assault is a felony of the second degree if:

(1) the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

(2) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; and

(3) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

*Id.* § 22.01(b-1).

The plain language of subsection two defeats Scoggins' argument. The phrase "under this chapter" refers to Chapter 22 of the Penal Code. *See id.* § 22.01(b-1)(2). Misdemeanor assault is included in Chapter 22. *Compare id.* § 22.01(b) (punishing most assaults, such as those not involving family violence, as misdemeanors), *with id.* §§ 22.01(b)(2), 22.01(b-1) (punishing other assaults, such

as those involving family violence, as felonies). Additionally, other types of crime punished as misdemeanors are also found in Chapter 22. *See id.* §§ 22.05(a), (e) (deadly conduct), 22.07(a)(1)-(3) (terroristic threats), 22.08 (aiding suicide), 22.10 (leaving a child in a vehicle) (West 2011). Thus, under the statute's plain language, the offenses referred to in subsection two are not limited to felonies. *See id.* § 22.01(b-1)(2). We conclude that Scoggins' prior misdemeanor conviction for assault, which includes a finding of family violence, is one of the types of convictions that can be used to elevate the crime with which he was charged to a second-degree felony.

Scoggins also argues that he was improperly punished as a habitual offender because the evidence does not support two of three jury findings that concern his prior felony convictions. Under the Penal Code, a defendant's punishment may be increased to a life sentence if it is shown that the defendant has two previous felony convictions, other than state jail felonies. *See id.* § 12.42(d). Scoggins argues the evidence does not support the jury's finding that he was convicted of burglary in Mississippi; he also argues the evidence does not support the jury's finding that he was convicted for unlawfully using a motor vehicle in Louisiana.

We view the evidence in the light most favorable to the State to determine whether the evidence is legally sufficient to support the jury's findings based on

8

the standard established in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). "If the State alleges more than two convictions for habitual offender purposes the terms of Sec. 12.42(d), supra, will be met if there is sufficient evidence for at least two of the convictions." *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Id.* To prove that the defendant has a prior conviction, the State is not necessarily required to introduce a certified copy of the defendant's final judgment and sentence, as the State may use other documents to establish the existence of the prior conviction if those documents contain sufficient information about the conviction. *See id.* at 921-22. Documents that serve as "'the functional equivalent'" of the judgment and sentence may be sufficient evidence of a prior conviction even in the absence of a true and correct copy of the judgment and sentence from the prior conviction. *See id.* at 920; *Langston v. State*, 776 S.W.2d

586, 588 (Tex. Crim. App. 1989); *see also* Tex. Code Crim. Proc. Ann. art. 42.01 (West Supp. 2012). Additionally, with respect to defendant's prior convictions from criminal proceedings in other states, courts are allowed to assume, in the absence of proof otherwise, that the laws of the other state are the same as the laws of the State of Texas. *See Langston*, 776 S.W.2d at 587-88.

We first address Scoggins' arguments that are directed to his Louisiana conviction, using a motor vehicle without its owner's authorization. According to Scoggins, the Louisiana pen packet the trial court admitted into evidence contains no signed judgment. Scoggins also contends the certification accompanying the pen packet is defective. However, Scoggins failed to object during the trial when the State introduced the pen packet, nor did he object when a fingerprint analyst used the fingerprints in the pen packet to identify Scoggins as the person who the pen packet showed had served time in the penitentiary for using a motor vehicle without proper authorization.

The Louisiana pen packet includes an affidavit executed by the custodian of records for the Louisiana Department of Public Safety and Corrections. The custodian's affidavit certifies that the documents in the pen packet are true copies of the records of the Louisiana Department of Public Safety and Corrections regarding Scoggins. The pen packet also contains a document signed by the

10

Deputy Clerk of Calcasieu Parish and dated November 26, 2001, certifying that the document is a "TRUE COPY[.]" The November 26 document bears no title, but is styled "State Vs. COLUMBUS SCOGGINS[,]" and the document includes the name of the presiding judge, the city and parish of conviction, the case number, the charge (unauthorized use of a motor vehicle), Scoggins' plea (guilty), the sentence (six years), and the credit that Scoggins received for the time that he served. Thus, the November 26 document contains several of the items that would be found in a judgment rendered by a court in Texas. *See* Tex. Code Crim. Proc. Ann. art. 42.01. While Scoggins complains that the document is not signed by a judge, the Court of Criminal Appeals has held that such a failure does not render a conviction void for enhancement purposes. *See Emerson v. State*, 476 S.W.2d 686, 688 (Tex. Crim. App. 1972). Additionally, the pen packet contains a document charging Scoggins with using a motor vehicle without authorization, as well as another document showing the projected date of Scoggins' release based on the sentence Scoggins received on the conviction for using a motor vehicle without proper authorization. In the light most favorable to the judgment and the evidence admitted during the trial, we conclude the pen packet provides legally sufficient evidence to support the jury's finding that Scoggins was convicted in Louisiana for using a motor vehicle without authorization.

Scoggins also complains that the State did not provide legally sufficient evidence to show that the crime of unauthorized use of a motor vehicle is a felony under Louisiana law. However, the documents in the pen packet in evidence show that Scoggins was sentenced to the penitentiary. "For the purpose of enhancing punishment, an out-of-state conviction is classified as a third degree felony when 'confinement in a penitentiary is affixed to the offense as a possible punishment.'" *Trotti v. State*, 698 S.W.2d 245, 246 (Tex. App.—Austin 1985, pet. ref'd) (citing Tex. Penal Code Ann. § 12.41(1) (West 2011)); *see Golden v. State*, 874 S.W.2d 366, 368 (Tex. App.—Beaumont 1994, pet ref'd). We conclude that Scoggins' Louisiana conviction qualifies as a felony offense and that it was properly used to enhance his punishment. *See* Tex. Penal Code Ann. §§ 12.41(1), 12.42(d).

Scoggins' remaining complaint concerns his claim that the evidence did not show he was convicted of burglary in Mississippi on May 8, 2006; instead, Scoggins asserts that the evidence shows that he was convicted for that burglary on March 11, 1998. The State concedes the jury's finding regarding the date of the conviction for the burglary is inconsistent with the evidence. However, the State contends that Scoggins' conviction was properly enhanced to a life sentence based on his Mississippi conviction for aggravated assault, a conviction that Scoggins has not challenged, and his Louisiana conviction for using a motor vehicle without its

12

owner's authorization. *See id.* § 12.42(d) (authorizing an enhanced life sentence where the defendant is shown to have previously been finally convicted of two prior felony offenses). We conclude there is legally sufficient evidence to support the jury's findings that Scoggins was convicted of aggravated assault in Mississippi, that he was convicted of unlawfully using a motor vehicle in Louisiana, and that both of these crimes were felonies. We also agree with the State's argument that the jury's findings regarding these two prior felonies authorized the jury to assess a life sentence. *See id.*

Since Scoggins has not demonstrated that he is being improperly punished as a habitual offender, we overrule issue two. Having overruled both of Scoggins' issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on December 27, 2012
Opinion Delivered June 26, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

13