

## NUMBER 13-21-00389-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JOHN VALENZUELA,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

A jury convicted appellant John Valenzuela for the offense of aggravated assault against a public servant, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B). An amended indictment alleged that Valenzuela had two prior felony convictions, subjecting the charged offense to an enhanced punishment range. *See id.* § 12.42. The jury found the enhancement paragraph true, and Valenzuela was sentenced

to a twenty-year term of imprisonment. In one issue with multiple sub-issues, Valenzuela argues that certain evidence was improperly admitted during the punishment phase and that the evidence was insufficient to link him to a prior federal conviction. We affirm.

## I. BACKGROUND

A grand jury indicted appellant on November 12, 2020. An amended indictment dated October 29, 2021, charged Valenzuela with the offense of aggravated assault against a public servant and included an enhancement paragraph alleging that Valenzuela had two prior felony convictions: (1) a 2013 conviction out of the United States District Court for the Southern District of Texas for conspiracy to transport unlawful aliens; and (2) a 2017 conviction out of DeWitt County for harassment by a person in a correctional facility. Valenzuela pleaded "not guilty" to the charged offense and "not true" to the enhancement paragraph. Following the guilt-innocence phase of trial, a jury convicted Valenzuela of aggravated assault against a public servant. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B).

During the punishment phase, the State offered a non-certified copy of a federal judgment against Valenzuela as State's Exhibit 8, which detailed Valenzuela's arrest and conviction for conspiracy to transport unlawful aliens, a felony, in cause number 2:13CR00237-001. *See* 8 U.S.C. § 1324. Valenzuela objected, stating the judgment was hearsay and not certified. However, the trial court overruled the objections and admitted the judgment into evidence. The State offered its State's Exhibit 8 through Dana Richardson, a criminal investigator for the Nueces County District Attorney's Office. Richardson testified that this document was a non-certified copy of an original kept by the

2

Clerk of the United States District Court for the Southern District of Texas and had been furnished by the Clerk to the Nueces County District Attorney's Office upon request.

The State then offered State's Exhibits 9 and 10 simultaneously. State's Exhibit 9 was a certified copy of Valenzuela's 2017 judgment of conviction out of DeWitt County for harassment by a person in a correctional facility, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.11. State's Exhibit 10 was a computer printout of Valenzuela's criminal history taken from the National Crime Information Center (NCIC) and the Texas Crime Information Center. Initially, when the State offered these exhibits into evidence, Valenzuela objected only to State's Exhibit 9 on authentication grounds. The objection to State's Exhibit 9 was overruled and both exhibits were admitted into evidence. After admission of exhibits, Valenzuela urged the following objection to State's Exhibit 10:

> I would object to the NCIC because he was not able to match the—he was not able to find the cause number on the NCIC that matched the judgment that he purports to belong to my client—that is not certified. I object to the one-half of the Exhibit 10 on the NCIC and I object again to the federal judgment.

The judge, once again, overruled the objections.

State's Exhibit 10 contains, among other things, Valenzuela's name, date of birth, sex, height, weight, race, aliases, addresses, social security number, emergency contact information, dates of arrest, charged offenses, findings of guilt, sentencing information, and judicial case identification numbers. Richardson testified that State's Exhibit 10 was a computer-generated printout retrieved from the Texas Department of Public Safety. He explained that the data retrieved during his search of Valenzuela's criminal history was a consolidation of information taken from the Texas Department of Public Safety as well as

3

the Federal Bureau of Investigation, all of which pertained to Valenzuela.

The jury charge instructed the jury to find the enhancement paragraph true if it found that Valenzuela had previously been convicted of the 2013 federal offense; it did not mention the 2017 harassment conviction. The jury found the enhancement paragraph true and sentenced Valenzuela to twenty years imprisonment. This appeal followed.

## II. ADMISSION OF EVIDENCE

Valenzuela argues that the trial court erred by admitting into evidence the non-certified federal judgment and the computer-generated report of his criminal history. Specifically, Valenzuela argues that these exhibits constitute inadmissible hearsay. Valenzuela also argues that the exhibits were not certified, which we construe as a challenge to their authentication.

### A. Standard of Review

We review a trial court's admission of evidence under an abuse of discretion standard. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); *see also Strickland v. State*, No. 13-16-00701-CR, 2020 WL 373072, *20 (Tex. App.—Corpus Christi–Edinburg Jan. 23, 2020, no pet.) (mem. op., not designated for publication). Such a ruling is upheld on appeal "if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). Under this standard, a trial court's ruling will be deemed an abuse of discretion only if it is so clearly wrong as to lie outside the zone of reasonable disagreement or is arbitrary or unreasonable. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002); *Taylor v. State*, 509 S.W.3d 468, 472 (Tex. App.—Austin 2015, pet.

ref'd) (citing *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005)). This deferential standard of review requires appellate courts to view the evidence in the light most favorable to the trial court's ruling and not substitute its judgment for that of the trial court. *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012).

## B. Federal Judgment

Valenzuela contends that the trial court erroneously admitted the non-certified federal judgment into evidence because the federal judgment was hearsay and lacked authentication. We address both arguments as separate sub-issues below.

### 1. Hearsay

"Hearsay" is a written or oral statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). Hearsay is generally inadmissible, *see* TEX. R. EVID. 802, but pursuant to Rule 803 of the Texas Rules of Evidence, a final judgment of conviction is admissible in a criminal case notwithstanding the general hearsay exclusion. TEX. R. EVID. 803(22)(B). To be properly admitted under Rule 803, the proponent must show the judgment was entered after a trial or a guilty or nolo contendere plea, the conviction was for a criminal offense, and the evidence admitted proved any fact essential to the judgment. *Id.* Furthermore, when offered for a purpose other than impeachment, the proponent must show that the judgment was against the defendant. *Id.* Lastly, an appeal of the conviction must not be pending. *Id.* When offered in a criminal case, Rule 803 broadly permits showing a judgment of conviction of any "criminal offense." *Id.*

5

Richardson testified that State's Exhibit 8 was a federal conviction for Valenzuela. On the first page of State's Exhibit 8, there is an entry in bold print stating "JUDGMENT IN A CRIMINAL CASE" adjacent to another entry indicating that Valenzuela had pleaded guilty to conspiracy to transport unlawful aliens on April 24, 2013. The State relied on this exhibit, among others, as a part of the foundation necessary to establish an essential fact pertaining to the enhancement paragraph of the amended indictment. *Id.* R. 803(22)(B)(iii). Moreover, during questioning from both parties, Richardson indicated that the information he retrieved specified that the federal judgment was a conviction based on a guilty plea. *See* TEX. R. EVID. 803(22)(B)(i). Valenzuela does not argue that the federal judgment was not final.[1] *See* TEX. R. EVID. 803(22)(B)(v).

Therefore, the federal judgment was properly admitted under the judgment of a previous conviction exception to hearsay. *See id.*

We overrule this sub-issue.

**2.      Authentication**

Texas Rule of Evidence 901 governs the authentication requirement for the admissibility of evidence. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a).

Rule 901(b) "does not erect a particularly high hurdle" for authentication and provides a nonexclusive list of methods for authenticating evidence. *See* TEX. R. EVID. 901(b); *see Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet;

---

[1] No evidence in the record indicates that the judgment was the subject of a pending appeal. *See* TEX. R. EVID. 803(22)(B)(v).

*see also Bryant v. State*, No. 13-21-00230 CR, 2023 WL 2182423, at *13 (Tex. App.—Corpus Christi—Edinburg Feb. 23, 2023, pet. ref'd) (mem. op., not designated for publication). "Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Authenticity may also be established with evidence of "distinctive characteristics and the like," which include "the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018) (quoting TEX. R. EVID. 901(b)(4)).

Furthermore, conclusive proof of authenticity is not required. *Id.* Rule 901 "merely requires some evidence sufficient to support a finding that evidence in question is what the proponent claims." *Id.* (quoting *Reed v. State*, 811 S.W.2d 582, 587 (Tex. Crim. App. 1991)); *see* TEX. R. EVID. 901. The proponent of evidence is neither required to rule out all possibilities inconsistent with authenticity nor prove beyond any doubt that the evidence is what it purports to be. *See Campbell*, 382 S.W.3d at 548; *see also Segovia v. State*, 467 S.W.3d 545, 551 (Tex. App.—San Antonio 2015, pet. ref'd). "If the trial court's ruling that a jury could reasonably find proffered evidence authentic is at least 'within the zone of reasonable disagreement,' a reviewing court should not interfere." *Tienda*, 358 S.W.3d at 638. (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op on reh'g)). "The trial judge does not abuse his or her discretion in admitting evidence where he or she reasonably believes that a reasonable juror could

7

find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Mitchell v. State*, 419 S.W.3d 655, 659 (Tex. App.—San Antonio 2013, pet. ref'd).

Prior to the admission of State's Exhibit 8, Valenzuela repeatedly asserted that it could not be admitted into evidence because the federal judgment was not certified. We find this argument unpersuasive. Certified copies of public records are self-authenticating, *see* TEX. R. EVID. 902(4), but Rule 901 does not require certification as a condition precedent for authenticity. *See id.* R. 901. Here, Richardson testified as the State's sponsoring witness that he recognized State's Exhibit 8 as a federal conviction for Valenzuela which he retrieved during his investigation.[2] *See Tienda*, 358 S.W.3d at 638 ("Evidence may be authenticated by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence.") To the extent that Valenzuela argues against the authenticity of State's Exhibit 8 due to a lack of certification, we note that the State "need [not] 'rule out all possibilities inconsistent with authenticity,'" nor "prove beyond any doubt that the evidence is what it purports to be." *See Campbell*, 382 S.W.3d at 549; *Segovia*, 467 S.W.3d at 551. Therefore, we cannot say that under the circumstances the admission of State's Exhibit 8 into evidence was "clearly wrong," arbitrary or unreasonable. *See Taylor,* 509 S.W.3d at 472; *Mechler*, 153 S.W.3d at 439.

We overrule this sub-issue.

---

[2] On cross-examination, Richardson stated that in the present case, he contacted the federal district clerk's office via phone requesting a copy of the federal judgment, and the federal district clerk mailed a copy in an envelope addressed to him at the Nueces County District Attorney's Office. Richardson further testified that he used State's Exhibit 8 to corroborate other information pertaining to Valenzuela.

**C. Computer-Generated Report**

Valenzuela contends that the trial court erroneously admitted the computer-generated printout of his criminal history, arguing the document is hearsay and lacks authentication.

Preservation of error is a systemic requirement on appeal. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020) (observing that "preservation of error is a systemic requirement that a first-tier appellate court is obligated to address before reversing a conviction"). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010).

Texas Rule of Appellate Procedure 33.1 sets forth the general requirement of error preservation. *See* TEX. R. APP. P. 33.1. Generally, to preserve error for appellate review, the record must show that a timely objection or request was made to the trial court; the grounds for relief were made "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"; and the trial court ruled upon the objection or request. *Id.* R. 33.1(a); *see Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017). Although error preservation does not require a "hyper-technical or formalistic use of words or phrases," the complainant must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)).

Here, the record reveals that during the punishment phase, the State simultaneously offered State's Exhibit 9, a certified felony judgment out of DeWitt County, and State's Exhibit 10, the computer-generated printout, into evidence. Counsel solely objected to State's Exhibit 9, stating, "I object to—nine because, again, it doesn't have identifiers on this. It does not have a thumbprint and it does not have a photo. I object to it and it does not have an identifier of my client." The objection was overruled, and both exhibits were admitted into evidence. It was only after the exhibits were admitted that Valenzuela urged his objection to State's Exhibit 10. Therefore, Valenzuela failed to timely preserve his complaint as to the trial court's admission of State's Exhibit 10. *See* TEX. R. APP. P. 33.1. Furthermore, Valenzuela's complaints on appeal—that State's Exhibit 10 contained hearsay and lacked authentication—do not comport with his objection at trial. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").

Accordingly, we overrule this sub-issue.

### III.    SUFFICIENCY

Valenzuela next argues that the evidence admitted during the punishment phase is insufficient to sustain the jury's finding of true regarding the enhancement paragraph in the indictment.

### A.    Standard of Review

We review the sufficiency of the evidence under the single standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.

Crim. App. 2010) (plurality op.). Sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* This principle applies to necessary elements of the offense as well as to findings necessary to support enhanced punishment. *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000). In reviewing the sufficiency of evidence supporting a conviction, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *see also Brooks*, 323 S.W.3d at 895 (citing *Jackson*, 443 U.S. at 319 (1979)).

The standard we must apply deals only with "the record evidence adduced at the trial." *Jackson*, 443 U.S. at 324. This includes evidence both properly and improperly admitted, but it cannot include evidence not admitted. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). To say otherwise would allow a defendant "to retry the case on appeal" through sufficiency review, which we cannot do. *Flores v. State*, 620 S.W.3d 154, 162 (Tex. Crim. App. 2021).

This same standard is used to evaluate the sufficiency of the evidence supporting a finding of "true" on enhancement paragraphs. *See Brooks*, 323 S.W.3d at 894–95. The factfinder is the exclusive judge of the facts, the credibility of the witnesses, and the weight

to be given to the testimony. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). We give great deference to the trier of fact and assume the factfinder resolved all conflicts in the evidence in favor of the verdict. *See Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Texas Penal Code § 12.42 provides for enhancement of the applicable punishment range of felony offenses for repeat felony offenders. *See* TEX. PENAL CODE ANN. § 12.42. Under § 12.42(c)(1):

> If it is shown on the trial of a felony of the first degree that the defendant has previously been finally convicted of a felony other than a state-jail felony punishable under [§] 12.35(a), on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years.

*Id.* § 12.42(c)(1). In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000. *Id.*

We note that a federal conviction for an offense which does not constitute a felony under the Texas Penal Code may be used to enhance punishment under § 12.42. *Ex parte Blume*, 618 S.W.2d 373, 374 (Tex. Crim. App.1981); TEX. PENAL CODE ANN. § 12.41(1) (setting out that a conviction that has been obtained from a prosecution that is not in the Texas Penal Code shall be classified as a "felony of the third degree" if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as a possible punishment). When it is clear on the face of the document that an appellant was incarcerated in a penitentiary for a conviction, the evidence of that conviction is sufficient for enhancement purposes. *Golden v. State*, 874 S.W.2d 366, 368 (Tex. App.—Beaumont 1994, pet. ref'd).

Furthermore, the State must prove beyond a reasonable doubt that the prior conviction exists, that the conviction is linked to the defendant, and the conviction is "final." *See id.* § 12.42; *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016). To prove final, prior convictions, the State is not limited to any one type of evidence. *See Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). For example, the State can meet its burden by introducing multiple documents that, when read together, contain "sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* In proving up the final prior conviction, the State may rely on certified judgments, admissions from the defendant, or other testimony. *See id.*

## B.    Discussion

As discussed above, the State offered a federal judgment of conviction, State's Exhibit 8, and a computer printout of Valenzuela's criminal history, State's Exhibit 10, to prove Valenzuela had a prior conviction. The State also offered State's Exhibit 9, a prior felony judgment of conviction out of DeWitt County. All three exhibits were admitted into evidence.

State's Exhibit 8 is a six-page exhibit, and its pages are arranged in chronological order. The first page is a federal judgment, signed by United States District Judge Nelva Gonzalez Ramos on July 18, 2013, containing Valenzuela's name, indicating that he pleaded guilty to Conspiracy to Transport Unlawful Aliens in cause number 2:13CR00237-001. An entry on the bottom left corner of this page lists July 17, 2013, as the date of disposition. The second page states that the length of sentence was thirty-

13

seven months. Pages three through four contain conditions for release from confinement, along with special conditions of supervision. Pages five through six contain information regarding a $100.00 fine. Richardson testified that Valenzuela was the individual to which this judgment pertained. The evidence submitted by the State to establish the federal conviction shows that appellant was sentenced to confinement in the United States Bureau of Prisons. Accordingly, the federal conviction was sufficient for purposes of enhancement.

State's Exhibit 10 is a twenty-four-page exhibit containing a detailed compilation of information pertaining to Valenzuela's criminal history and personal identifying information. The first page of this exhibit lists Valenzuela by name as well as current and prior addresses. Page three lists descriptive information, such as Valenzuela's social security number, date of birth, height, weight, and other associated information. Notably, there are two identification numbers on this page: "FBI 194176MB6" and "TX05912968." "TX05912968" matches the identification number for Valenzuela that is listed on the first page of his prior felony judgment of conviction out of DeWitt County in State's Exhibit 9. In addition, page eight of State's Exhibit 10 indicates that Valenzuela was arrested on February 22, 2013, for Conspiracy to Transport Aliens, *see* 8 USC § 1324, along with information outlining a thirty-seven-month sentence, a disposition date of July 17, 2013, and the imposition of a $100 fine—the same information found in Valenzuela's federal judgment in State's Exhibit 8.

Valenzuela cites *Beck v. State* in support of his sufficiency argument. In *Beck*, the Texas Court of Criminal Appeals stated that certified copies of a judgment and sentence

14

"are not normally sufficient standing alone to prove prior convictions, even if the name on the judgment and sentence and in the pen packet is the same as the defendant in trial." 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). Texas courts have similarly held that, absent additional evidence, a defendant's full name on a judgment and their signature on said judgment is insufficient to support enhancement. *See Prihoda v. State*, 352 S.W.3d 796, 808–10 (Tex. App.—San Antonio 2011, pet. ref'd) (finding insufficient evidence to support enhancement where only evidence linking appellant to prior conviction was (1) his full name on the prior conviction judgment, (2) his signature on that judgment, and (3) a police officers' vague response to a single question about a prior DWI); *see also Flowers*, 220 S.W.3d at 925.

However, the Texas Court of Criminal Appeals has held that computer printouts from a government-operated database can provide a legitimate basis for proving the existence of a prior conviction. *Ex parte Warren,* 353 S.W.3d 490, 495 (Tex. Crim. App. 2011). In *Ex parte Warren*, the court held that a computer printout offered to prove a prior conviction contained sufficient information and indicia of reliability to constitute the functional equivalent of a judgment and sentence tied to the appellant. There, the printout stated the defendant's name, the offense charged, and date of commission; stated that he was found guilty of and sentenced for the offense; and gave the specifics of the sentence and the amount of time served. *Id*. Likewise, the computer printout here included similar information sufficient to corroborate and link Valenzuela to the 2013 federal conviction admitted into evidence. *See id*. Moreover, the documents used in the instant case were supported through the testimony of Richardson.

15

We conclude that a reasonable trier of fact could find beyond a reasonable doubt, based on the testimony and information in the exhibits offered at trial, that the alleged prior federal conviction existed, and was linked to Valenzuela. *See Flowers*, 220 S.W.3d at 921; *see also* TEX. PENAL CODE ANN. § 12.42(c)(1).

We overrule Valenzuela's final sub-issue.[3]

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
13th day of July, 2023.

---

[3] In a passing reference, Valenzuela raised a due process issue in his brief but otherwise does not present any pertinent legal authority or argument to substantiate this issue. *See* TEX. R. APP. P. 38.1(i) ("[A] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Therefore, Valenzuela has waived this issue through inadequate briefing. *See id.*; *Wolfe v. State*, 509 S.W.3d 325, 342–43 (Tex. Crim. App. 2017) (noting that we have no obligation to make an appellant's argument for him); *Lucio v. State*, 353 S.W.3d 873, 877–78 (Tex. Crim. App. 2011) (finding a point of error inadequately briefed where the brief contains a single-sentence assertion and is unaccompanied by any other argument or authorities).